UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VICTOR MANUEL FONSECA,

Petitioner,

v.

MERRICK GARLAND, *et al.*,

Respondents.

CASE NO. 2:22-cv-01363-TSZ-JRC

REPORT AND RECOMMENDATION

NOTED FOR:  December 30, 2022

This matter is before the Court on referral from the district court and on respondents' motion to dismiss. *See* Dkt. 8.

Petitioner, Victor Manuel Fonseca, initiated this federal habeas action under 28 U.S.C. § 2241 to obtain release from immigration detention or be afforded a bond hearing. *See* Dkt. 7 at 6. When he filed his petition, petitioner was confined at the Northwest Detention Center in Tacoma, Washington. *See id.* at 5. On October 28, 2022, the Court ordered that petitioner's amended petition be served and directed respondents to show cause why the petition should not be granted. *See* Dkt. 8. On November 4, 2022, respondents moved to dismiss petitioner's action as

1  moot because petitioner was released from civil immigration detention and removed from the

2  United States on October 25, 2022. *See* Dkt. 9 at 3–4. Petitioner did not respond to the motion

3  and mail addressed to petitioner was returned as undeliverable, which suggests that petitioner is

4  no longer at the detention facility. *See* Dkt. 10.

5      The Court may adjudicate only actual, ongoing cases or controversies. *See Deakins v.*

6  *Monaghan*, 484 U.S. 193, 199 (1988). "For a habeas petition to continue to present a live

7  controversy after the petitioner's release or deportation . . . there must be some remaining

8  'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488

9  F.3d 1061, 1064 (9th Cir. 2007).

10     Here, the only relief petitioner sought was release from custody or a bond hearing. *See*

11  Dkt. 7 at 6. Petitioner's subsequent release from custody and removal from the United States

12  means that there are no collateral consequences that could be redressed by the Court, which

13  renders petitioner's action moot. *See Abdala*, 488 F.3d at 1065. Accordingly, the Court

14  recommends that respondents' motion to dismiss (Dkt. 9) be granted and this action be dismissed

15  with prejudice. Any pending motions should also be denied as moot.

16     Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

17  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

18  6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

19  review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those

20  objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*

21  *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

22  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

23  December 30, 2022, as noted in the caption.

24

1         The Court directs the Clerk's office to send petitioner a copy of this report and

2    recommendation at his last known address.

3         Dated this 16th day of December, 2022.

4

5                                J. Richard Creatura

6                                Chief United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24